UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALBERT GOODMAN,

             Plaintiff,

v.

T. SCHUBRING, *et al.*,

             Defendants.

_____/

Case No. 4:20-cv-13368
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION FOR A SHOW CAUSE HEARING AND FOR APPOINTMENT OF COUNSEL (ECF No. 9)

### A.    Background

Plaintiff James Albert Goodman, proceeding *in forma pauperis* (ECF Nos. 2, 4), is currently incarcerated at G. Robert Cotton Correctional Facility (JCF). *See* mdocweb.state.mi.us/otis2/otis2.aspx.  On December 10, 2020, he filed the instant action against three Defendants under 42 U.S.C. § 1983, alleging deliberate indifference in violation of his Eighth Amendment rights related to injuries he suffered while operating food service equipment at JCF.  (ECF No. 1, PageID.41-51.)  A review of the record reveals that only two of the three Defendants—Timothy Scubring and Amy Coffelt—have returned waivers of service (ECF Nos. 13, 14), and the Michigan Attorney General's Office (AAG) has appeared on their behalf (ECF No. 15).  No waiver of service has been filed, or appearance made, on behalf of Defendant Lisa Stevens.

On January 22, 2021, the Court entered an order staying the case for

participation in the *Pro Se* Prisoner Early Mediation Program.  (ECF No. 5.)

Attached to that order is the Mediation Procedure which states, in part:

> 1. If medical claims are made in the complaint, the Michigan Department of Corrections ("MDOC") is required to give plaintiff a medical records release form to sign within seven (7) days of this order.  Plaintiff is required to sign and return the medical records release form within seven (7) days from the date the form it is [sic] received.
>
> 2. Upon receipt of the medical records release form, the MDOC is required to produce all medical records[,] not just those deemed relevant by the MDOC for viewing by the Plaintiff, within 14 days of the date on the medical release form, to plaintiff and the attorney for Corizon.  Plaintiff is responsible for paying for copies, or requesting a fee waiver, of any records not deemed relevant by the MDOC to the pending medical claim.

(ECF No. 5, PageID.35.)

On March 5, 2021, however, Plaintiff filed a motion to be excluded from

mediation and for a show cause hearing and appointment of counsel.  To that

motion, he attached the MDOC's February 5, 2021 letter indicating that it had

received Plaintiff's request for medical records, as well as the MDOC's February

24, 2021 letter stating:

> Mr. Goodman, The Assistant Attorney General has spoken to me about your Mediation Referral Order.  The AAG's Office will determine which medical records you will be provided, and the AAG's Office will send them to you directly.  After you receive those records from the AAG, if you wish to purchase additional records at .25 cents per page, you may do so.  Thank you.

2

(ECF No. 7, PageID.68.)  Plaintiff asserted that the attached letters demonstrated Defendants' counsel's instruction not to release his medical records, and requested that the Court hold a show cause hearing as to why Defendants' counsel should not be held in contempt and sanctioned under Fed. R. Civ. P. 11 as a result.  (ECF No. 7, PageID.62.)  He also requested the appointment of counsel.  (ECF No. 7, PageID.62-63.)

The Court entered an order granting Plaintiff's request to lift the stay for Early Mediation, but denied without prejudice the remainder of Plaintiff's motion, noting that the motions would have to be re-filed separately for consideration. (ECF No. 8.)  Judge Davis then referred this case to me for all pretrial matters. (ECF No. 11.)

### B.   Instant Motion

Currently before the Court is Plaintiff's re-filed April 15, 2021 motion for a show cause hearing and for appointment of counsel.  (ECF No. 9.)  It is similar to the original motion, requesting the appointment of counsel and that Defendants' counsel be held in contempt and sanctioned under Fed. R. Civ. P. 11, but also states:

> Defendants' Counsel has hindered fair adjudication mandating the dissemination of records they deem fit.  This is the epitome of putting the fox in charge of the hen house, the improprieties can not even be articulated.  Defendants' Counsel has taken away any prospects of meaningful preparations for summary judgment mandates.  Fed. R. Civ. P. 56.

3

(ECF No. 9, PageID.73.)  Further, although Plaintiff quotes the language from the MDOC's February 24, 2021 letter regarding the AAG determining which medical records would be provided, he fails to actually attach that letter to the motion.

On September 8, 2021, the Court entered an order requiring Defendants to file a response to the motion "indicat[ing] Defendants have provided Plaintiff his medical records in accordance with the Court's order staying the case (see ECF No. 5, PageID.35), and whether any medical records were withheld and why." (ECF No. 20, PageID.134-135.)  The order also asked for a status update on service of Defendant Stevens.  (ECF No. 20, PageID.135.)

Defendants timely filed their response, stating that Assistant Attorney General (AAG) Raina Korbakis, who entered a limited appearance on their behalf for purposes of prisoner early mediation, sent Plaintiff a copy of his medical records for the period from March 1, 2019 to April 30, 2019, pursuant to the Court's prisoner early mediation protocol.  (ECF No. 21, PageID.137-138.)  In so doing, Defendants attached the March 12 and 15, 2021 letters sent to Plaintiff enclosing copies of the above medical records.  (ECF Nos. 21-2, 21-3.) Defendants explain:

> The initial production of [Plaintiff's] medical records was limited to the time-period from March 1 to April 30, 2019—and provided without fee to [Plaintiff]—to focus mediation discussions to the March 25, 2019, incident at issue in the Complaint.  Had [Plaintiff] continued with PEM, he would have been able to receive

4

additional medical records on a per-page basis.  The undersigned is
not aware of any requests from [Plaintiff] for any additional medical
records when this matter was still in PEM.

(ECF No. 21, PageID.138.)  Further, Defendants address service of Defendant

Stevens, stating:

Here, AAG Korbakis entered a limited appearance for Lisa
Stevens on February 8, 2021.  (ECF No. 6.)  Upon information and
belief, Lisa Stevens was employed by the State of Michigan from July
29, 2018, to July 28, 2020.  When the Court removed the matter from
PEM, service and representation documents relating to this lawsuit
were sent to the last known address for Stevens.  Subsequent attempts
to contact Stevens have not been successful.  To date the undersigned
has not received any documents approving the representation for
Stevens.

(ECF No. 21, PageID.139-140.)

## C.   Order

For the reasons that follow, Plaintiff's motion for a show cause hearing and

for the appointment of counsel (ECF No. 9) is **DENIED**.

### 1.   Contempt and sanctions

Insofar as Plaintiff requests an order of contempt and sanctions (ECF No. 9,

PageID.73), that request is **DENIED**.  First, Plaintiff's reliance on Fed. R. Civ. P.

11 for this request is misguided.  Under Fed. R. Civ. P. 11(c), a court may impose

sanctions on an attorney, law firm, or party that violates Fed. R. Civ. P. 11(b),

which states:

By presenting to the court a pleading, written motion, or other paper --
whether by signing, filing, submitting, or later advocating it -- an

attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). Accordingly, Rule 11 appears to be inapplicable to Plaintiff's assertion that Defendants' counsel should be held in contempt and sanctioned for an alleged failure to provide Plaintiff medical records in accordance with the Court's order referring the case for prisoner early mediation (*see* ECF No. 5).

Regardless, the Court is satisfied, from Defendants' response (ECF No. 21, PageID.138), that they complied with the Court's prisoner early mediation order (ECF No. 5). As provided above, Attachment A to that order states:

Upon receipt of the medical records release form, the MDOC is required to produce all medical records[,] not just those deemed

6

> relevant by the MDOC for viewing by the Plaintiff, within 14 days of the date on the medical release form, to plaintiff and the attorney for Corizon.  Plaintiff is responsible for paying for copies, or requesting a fee waiver, of any records not deemed relevant by the MDOC to the pending medical claim.

(ECF No. 5, PageID.35.)  Defendants' response and the letters attached

demonstrate that the MDOC provided Plaintiff medical records from March 1,

2019 to April 30, 2019, and there is no indication that Plaintiff requested copies of

additional records at his own cost, or that the MDOC refused such a request.  And

the issue is essentially moot, as the Court previously granted Plaintiff's motion to

be excluded from the mediation program (ECF No. 7).  (ECF No. 8.)  Nothing

prevents Plaintiff from now seeking additional records as the case progresses in

accordance with the Federal Rules of Civil Procedure, the Local Rules of the

Eastern District of Michigan, and MDOC regulations governing discovery.[1]

---

[1] *See* MDOC Policy Directive PD 03.04.108 (effective Sept. 14, 2015), ¶¶ T-V, which contains several provisions concerning "Prisoner Access to Health Records."  For example:

> A prisoner may receive copies of documents generated by the Department and contained within his/her health record by making a specific, written request to the appropriate health information manager or designee and paying the required per-page fee, as set forth in OP 03.04.108B "Prisoner Access to Medical Records."  Legal questions shall be referred to OLA.

(Id. ¶ U.)

Moreover, the Court will not treat the instant motion as invoking the procedure set forth in Fed. R. Civ. P. 56(d), which Plaintiff cites.  (ECF No. 9, PageID.73.)  "If a nonmovant shows *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d) (emphasis added).  Plaintiff's motion is not verified or signed under penalty of perjury.  (*See* ECF No. 9.)  And Plaintiff does not explain why any issue regarding his medical records disables him from adequately responding to the pending motion for summary judgment on the basis of exhaustion.  (*See* ECF No. 17.)  Nor does the Court see, in the absence of such an explanation, how additional discovery would benefit Plaintiff in opposing the threshold exhaustion issue raised in the summary judgment motion, to which Plaintiff's certified Step III Grievance Report (ECF No. 17-3) is attached.

## 2.    Appointment of counsel

As a preliminary matter, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case

convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit counsel*** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege and not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation and citation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel . . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted).[2] Accordingly, although the Court has the statutory authority to request

---

[2] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915, the Court may only request that an attorney represent an indigent plaintiff.

counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of authority is limited to exceptional circumstances.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merits of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993).

Applying the foregoing authority, Plaintiff has not described any exceptional circumstances, or really any circumstances at all, to justify a request for appointment of counsel at this time.  Plaintiff states only: "Show Cause Hearing to be conducted, and appoint counsel for Plaintiff.  The only way to ensure full, fair and complete adjudication is to evenly calibrate the scales of justice."  (ECF No. 9, PageID.74.)  But, as provided above, the Court is satisfied that Defendants complied with the Court's prisoner early mediation order, and the Court finds no other exceptional circumstances here.  Plaintiff's deliberate indifference claim does not appear to involve novel or especially complex issues, and Plaintiff has filed motions, including this one, adequately communicating his requests to the Court. Thus, he seems capable of presenting his case and representing himself.

Further, due to the limited number of *pro bono* counsel who are willing and available and the large number of prisoners who would like the help of volunteer attorney services, the Court generally waits to seek *pro bono* counsel until the dispositive motion deadline has passed and any of Plaintiff's claims survive dispositive motion practice.  Here, no scheduling order has been entered, and a motion for summary judgment on the basis of exhaustion (ECF No. 17) remains pending, and Plaintiff has likewise filed a motion for summary judgment of his own (ECF No. 22).

Accordingly, Plaintiff's request for the appointment of counsel in ECF No. 9 is **DENIED WITHOUT PREJUDICE**.

### 3.     Service of Defendant Stevens

Finally, in light of the representations made by Defendants regarding service of Defendant Stevens (ECF No. 21, PageID.139-140), the Court will **ORDER** the MDOC, under separate cover, to seek and provide to the United States Marshals Service (USMS) a last-known address for Defendant Stevens, as she can no longer be found at the work address provided by Plaintiff.

**IT IS SO ORDERED.**

Dated:  October 22, 2021                    _____

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE