UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALBERT GOODMAN,         Case No. 20-13368

    Plaintiff,        Stephanie Dawkins Davis
v.        United States District Judge

T. SCHUBRING, *et al.*,

    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF No. 28)
AND OVERRULING OBJECTIONS (ECF No. 32)**

**I.   PROCEDURAL HISTORY**

Plaintiff, James Albert Goodman, filed this prisoner civil rights lawsuit against defendants on December 10, 2020.  (ECF No. 1).  The court referred this matter to Magistrate Judge Anthony P. Patti for all pretrial proceedings.  (ECF No. 11).  The parties filed motions for summary judgment.  (ECF Nos. 17, 22).  Judge Patti issued a report and recommendation (R&R) on January 19, 2022, recommending that the court grant Defendants' motion for summary judgment (ECF No. 17) and deny Plaintiff's motion for summary judgment (ECF No. 22).  (ECF No. 28).  Goodman filed an objection and Defendants responded.  (ECF Nos. 32, 33).

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition,

reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.   ANALYSIS AND CONCLUSION

<u>Objection No. 1</u>

Goodman first argues that Judge Patti overlooked his verified complaint in considering whether he provided any evidence in response to the motion for summary judgment.  More specifically, Goodman asserts that the R&R failed to consider his verified allegations regarding the personal involvement of Schubring and Coffelt.  Goodman says that his verified complaint explains how these defendants came be involved in this case and show that they "were properly grieved." (ECF No. 32, PageID.229).  Thus, he claims that the verified allegations create a genuine issue of fact for trial.

Goodman's argument misses the mark.  Judge Patti's decision was primarily based on Goodman's failure to exhaust his administrative remedies against Schubring and Coffelt specifically, not whether he sufficiently alleged that they were personally involved in the alleged deprivation of his constitutional rights.  As

explained in the R&R, Goodman names only defendant Stevens in his grievance, and he did not name Schubring or Coffelt. In support of his conclusion that Goodman did not exhaust his administrative remedies against Schubring and Coffelt, Judge Patti points to *Brown v. McCullick*, 2019 WL 5436159, *3 (6th Cir. Apr. 23, 2019), in which the Sixth Circuit held that where a prisoner names a particular person in the grievance, other unnamed defendants would have no way of knowing that they were later be subject to a lawsuit and thus, claims against such unnamed defendants were not exhausted. (ECF No. 28, PageID.209). *See also Dykes-Bey v. Finco*, 2021 WL 2767584 (6th Cir. Feb. 2, 2021) ("Accordingly, prison officials would naturally assume that [Dykes-Bey] complied with the requirement to name those involved, and defendants cannot be said to have waived the exhaustion defense when they had no way of knowing that they would be the subject of a later lawsuit.") (quoting *Brown v. McCullick*). Similarly here, because Goodman failed to name Schubring or Coffelt during any step of the grievance process, Judge Patti correctly concluded, based on the foregoing authority from the Sixth Circuit, that he failed to exhaust his claims against them. Goodman does not point to any verified allegations in the complaint that create a genuine issue of material fact as to exhaustion of administrative remedies. Accordingly, to the extent Goodman's objection challenges Judge Patti's conclusion that that he failed to exhaust his administrative remedies, it is overruled.

Judge Patti also noted in the alternative that because these Defendants' only role in the lawsuit was the denial of administrative grievances, they lacked sufficient personal involvement to sustain a claim against them.  (ECF No. 28, PageID.210).  To the extent Goodman's argument challenges Judge Patti's conclusion that he did not sufficiently allege personal involvement as to Schubring and Coffelt, the court need not address this issue because it finds that granting defendants' motion for summary judgment based on failure to exhaust administrative remedies is appropriate.

Objection No. 2

In his second objection, Goodman disputes Judge Patti's observation that it was unclear whether he intended to sue Defendants in their official or individual capacities.  (ECF No. 28, PageID.196, n. 2).  Goodman points to paragraphs 6-7 of his complaint where he states that he intends to sue Defendants in their individual capacity for damages.  (ECF No. 32, PageID.230).  However, a review of the complaint shows that there are no paragraphs numbered 6-7.  It appears that the pages on which such allegations might have been made are missing because the document's hand-written pagination starts with "1" and the next page is labeled "4."  (ECF No. 1, PageID.41-42).  Thus, Judge Patti's observation appears factually correct based on the complaint as docketed in this case and the objection is, therefore, overruled.  Moreover, even if the court accepted Goodman's assertion

that the complaint is limited to suing these Defendants in their individual capacity for money damages, the foregoing analysis regarding Goodman's failure to exhaust administrative remedies would not change.

## IV.   ORDER

For these reasons, the court **ACCEPTS** and **ADOPTS** the Report and Recommendation, **OVERRULES** Plaintiff's objections, **DENIES** Plaintiff's motion for summary judgment, and **GRANTS** defendants' motion for summary judgment.

**IT IS SO ORDERED**.

Date: March 29, 2022

          s/Stephanie Dawkins Davis
          Stephanie Dawkins Davis
          United States District Judge

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 29, 2022, by electronic and/or U.S. First Class mail.

          S/ R. Loury
          Case Manager