UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ALBERT GOODMAN,

    Plaintiff,

v.

T. SCHUBRING, *et al.*,

    Defendants.
_____/

Case No. 4:20-cv-13368
District Judge Stephanie Dawkins Davis
Magistrate Judge Anthony P. Patti

## ORDER REGARDING PLAINTIFF'S MOTION FOR ENFORCEMENT OF THE COURT'S SERVICE ORDER (ECF No. 30)

**A.**    **Background**

Plaintiff James Albert Goodman, proceeding *in forma pauperis* (ECF Nos. 2 & 4), is currently incarcerated at G. Robert Cotton Correctional Facility (JCF). *See* www.michigan.gov/corrections, "Offender Search," last visited April 15, 2022. On December 10, 2020, he filed the instant action against three Defendants—Timothy Schubring, Amy Coffelt, and Lisa Stevens—under 42 U.S.C. § 1983, alleging deliberate indifference in violation of his Eighth Amendment rights related to injuries he suffered while operating food service equipment at JCF. (ECF No. 1, PageID.41-51.) Defendants Schubring and Coffelt have since been dismissed from the case for Plaintiff's failure to exhaust administrative remedies against them. (ECF Nos. 28 & 35.) Thus, only Defendant Stevens remains.

On May 14, 2021, the United States Marshal Service (USMS) acknowledged receipt of service of process documents for Defendant Stevens (ECF No. 12, PageID.81), but no waiver of service was filed, nor appearance made, on her behalf.  Accordingly, on September 8, 2021, the Court ordered Defendants to provide a status update regarding the Michigan Department of the Attorney General's representation of Defendant Stevens.  (ECF No. 20, PageID.134-135.)  In response, Defendants stated:

> Here, AAG Korbakis entered a limited appearance for Lisa Stevens on February 8, 2021.  (ECF No. 6.)  Upon information and belief, Lisa Stevens was employed by the State of Michigan from July 29, 2018, to July 28, 2020.  When the Court removed the matter from PEM, service and representation documents relating to this lawsuit were sent to the last known address for Stevens.  Subsequent attempts to contact Stevens have not been successful.  To date the undersigned has not received any documents approving the representation for Stevens.

(ECF No. 21, PageID.139-140.)

The Court then entered an order on October 26, 2021, that the MDOC provide to the USMS a last known address for Defendant Stevens (ECF No. 23, PageID.178), as well as an order that same day directing the USMS to "mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service."  (ECF No. 24). And the USMS acknowledged receipt of service of process documents for Defendant Stevens on December 2, 2021.  (ECF No. 26.)  However, to date, no

response to the summons has been received nor appearance made on Defendant Stevens's behalf.

**B.     Instant Motion**

On February 10, 2022, Plaintiff filed the instant motion for enforcement of ECF No. 24, asserting that "Defendant Stevens appears to be hiding behind the Cloak of the MDOC's gates," and requesting both that the Court enforce the order for the USMS to serve Defendant Stevens, and that "Defendant Lisa Stevens be served timely as ORDERED by the Court." (ECF No. 30.)  To the extent Plaintiff seeks completed service of Defendant Stevens, his motion is **DENIED**, as the Court can only direct service for a *pro se* Plaintiff, *not* guarantee service. However, to the extent Plaintiff seeks enforcement of the Court's order directing the USMS effect personal service on Defendant Stevens, the motion is **GRANTED**.  On April 4, 2022, a summons was issued for Defendant Stevens (ECF No. 36), and the USMS acknowledged receipt of service documents on April 14, 2022 (ECF No. 37).  Thus, insofar as the Court could enforce ECF No. 24, the Court has done so, and the instant motion (ECF No. 30) is resolved.  Ultimately, if Defendant Stevens cannot be successfully served with process, the case may be subject to dismissal under Fed. R. Civ. P. 4(m).[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

**IT IS SO ORDERED.**

Dated: April 18, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).